FILED

DEC 1 2 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re: ) Case No. 06-24923-D-13L
)
SURESH KUMAR and )
NISHA RAO, )
)
)
                    Debtors. )
_____ )
)
SURESH KUMAR and ) Adv. Pro. No. 06-2404-D
NISHA RAO, )
) Docket Control No. [none]
)
                    Plaintiffs, )
)
v. )
)
THE CITY OF SACRAMENTO, )
)
                    Defendant. )
_____ )

### MEMORANDUM RE MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER WITH ORDER TO SHOW CAUSE

On December 11, 2006, plaintiffs Suresh Kumar and Nisha Rao (the "Plaintiffs") filed a Motion for Ex Parte Temporary Restraining Order With Order to Show Cause (the "Application"), which seeks relief against defendant City of Sacramento ("the Defendant") and also the Sheriff's Department (presumably of Sacramento County) without evidence that the adverse parties had been given notice of the Application. For the reasons stated below, the Application will be denied.

Federal Rule of Civil Procedure ("Rule") 65 is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7065. Among other things, Rule 65(b) provides that the court is to issue a temporary restraining order ("TRO") without

notice to the adverse party or its attorney only if specific facts are made clear by affidavit or by a verified complaint. The Application is not supported by sworn declaration or affidavit, and the Plaintiffs' complaint is not verified (and also lacks allegations of such specific facts).  As such, the court cannot grant the Plaintiffs' request for a TRO.

The Application also appears to request that the court issue an Order to Show Cause why a preliminary injunction against the Defendant and the Sheriff's Department should not be entered. Rule 65 requires generally that a hearing be conducted on a request for a preliminary injunction, and under Local Bankruptcy Rule 9014-1(a) matters for which a hearing is necessary are typically to be set by the moving party, not by court order.

The court, having denied the Plaintiffs' request for a TRO, will therefore decline to issue the requested Order to Show Cause.  Instead, the Plaintiffs can move the court for a preliminary injunction pursuant to applicable Federal Rules of Procedure and the Local Bankruptcy Rules.  The Local Bankruptcy Rules (which include other requirements for motions and applications), the court's self-set calendar, and other information, including links to applicable federal rules, are available from the court's website, http://www.caeb.uscourts.gov.

The court will issue an order consistent with this memorandum.

Dated:  December 12, 2006

_Robert Bardwil_
ROBERT S. BARDWIL
United States Bankruptcy Judge

- 2 -

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

### CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Office of the U.S. Trustee
501 I St. #7-500
Sacramento, CA 95814

Nisha Rao
10234 Stockmen Way
Elk Grove, CA 95757

Suresh Kumar
10234 Stockmen Way
Elk Grove, CA 95757

DATED: 12/12/06

By: _Ahsan Manning_
**Deputy Clerk**

EDC 3-070 (New 4/21/00)